NELLIE WAGENAAR, ADMINISTRATRIX AD PROSEQUEN=
    DUM, RESPONDENT, v. MAURICE FINKELMAN, APPEL-
    LANT.

Decided September 10, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the appellant. *Collins & Corbin.*

For the respondent, *Koch & Simon.*

PER CURIAM.

This suit was brought by the plaintiff to recover for the
pecuniary loss sustained by the widow and next of kin of
Peter Wagenaar by reason of his death resulting from the
wrongful act, as alleged, of the defendant. The decedent
was a tenant of the defendant, living in an apartment house
in the city of Clifton. He was injured on the 20th day of
August, 1928, by the fall of a part of the ceiling in the
kitchen of his apartment, and as the result of his injuries
died on the 24th day of September following. The trial
resulted in a verdict in favor of the plaintiff and the defend-
ant has appealed from the judgment entered thereon.

The first ground upon which we are asked to reverse the
judgment is that the trial court committed error in refus-
ing defendant's motion to direct a verdict in his favor. The
basis of the motion was that the present cause of action was
barred by a release executed by the plaintiff's decedent a few
days after the happening of the accident. The release was

admitted in evidence. It recited that in consideration of the sum of $75 paid by Finkelman to him, he, Peter Wagenaar, released and forever discharged the former, his heirs, executors and administrators from all causes of action, claims and demands whatsoever against said Finkelman, which he ever had or which "I or my heirs, executors or administrators hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever," and was signed by Wagenaar. The plaintiff submitted testimony to show that the release had been obtained from Wagenaar by fraud. In this situation, conceding that the release, if valid, was a bar to the action, the court properly left the question of fraud in the obtaining of the same to be decided by the jury, and refused to direct a verdict for the defendant. *Palmer* v. *Tomlin*, 104 *N. J. L.* 215.

The only other ground urged for reversal is that the trial court erroneously permitted one Cornelius Wagenaar, a son of the decedent, to testify to a conversation relating to the execution of the release had in his presence between his father and one Kennard, the party who obtained it from the decedent. The testimony was objected to by defendant's counsel upon the ground that it did not appear what connection Kennard had with the defendant, and that therefore whatever was said could not be binding upon the latter. The ground upon which the objection was based is, in our opinion, without merit. The defendant, in his answer, denies liability upon the ground that he is "a holder of a release signed by plaintiff's intestate * * * and that the release states the consideration is $75." There is no suggestion in the testimony that decedent ever signed any other release than that obtained from him by Kennard. The acceptance of the release by the defendant coupled with his claim that it is a bar to the suit brought against him by the plaintiff, raises the presumption that Kennard was acting as his representative in procuring it; and, this being so, the testimony of the witness as to the conversation between his father and Kennard which induced the father to sign the release, was competent.

The judgment under review will be affirmed, with costs to the respondent.